# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2445

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Abdullah Faruq Woods, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 30, 2008
Filed: July 1, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Abdullah Woods challenges the concurrent 124-month prison sentences the district court[1] imposed after he pleaded guilty to two counts of possessing with intent to distribute more than 5 grams of a mixture or substance containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. § 841. On appeal, he asks this court to remand for resentencing, arguing that the district court should have considered the sentencing disparity between crack and powder cocaine, as well as the Sentencing Commission's then-proposed two-level reduction in offense levels for

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

crack cocaine offenses, as supported by the subsequent enactment of Amendment 706 and recent Supreme Court cases discussing a district court's sentencing discretion, see Kimbrough v. United States, 128 S. Ct. 558 (2007); Gall v. United States, 128 S. Ct. 586 (2007). We affirm.

Woods's argument that the court should have considered the sentencing disparity between crack and powder cocaine is unavailing because he did not raise this issue at sentencing. See United States v. King, 518 F.3d 571, 575-77 (8th Cir. 2008) (defendant who did not ask court to consider disparity between sentences for crack and powder cocaine in determining his sentence cannot argue on appeal that court erred by failing to consider that factor). The court properly sentenced Woods according to the Guidelines in effect on the date of sentencing, and the later-enacted Amendment does not require resentencing. See U.S.S.G. § 1B1.11 (court shall use Guidelines manual in effect on date of sentencing unless use would violate Ex Post Facto Clause); King, 518 F.3d at 576-77 (rejecting defendant's argument that, because he was sentenced for crack cocaine offense prior to November 1, 2007, case should be remanded for resentencing in light of recent Guidelines amendment).

Accordingly, we affirm the district court's judgment, but without prejudice to Woods's ability to move for modification of his sentence pursuant to 18 U.S.C. § 3582(c). See King, 518 F.3d at 577.

_____